**EOD**
04/03/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WILLIAM A. OSBORNE** | § | Case No. 16-40903 |
| xxx-xx-4029 | § | |
| 3716 Windmill Lane, Plano, TX  75074 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| LILLIAN KOSTAK KOKAS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 16-4068 |
| | § | |
| WILLIAM A. OSBORNE | § | |
| | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OF DECISION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

ON THIS DATE the Court considered the Plaintiff's Motion for Summary

Judgment (the "Motion") filed by the Plaintiff, Lillian Kostak Kokas (the "Plaintiff"),  in

the above-referenced adversary proceeding, together with the response in opposition to

the Motion filed by the Debtor-Defendant, William A. Osborne (the "Defendant"), and

the Plaintiff's reply thereto.  Though the original complaint filed in this adversary

proceeding claims that the debt owed to the Plaintiff by the Defendant should be declared

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or other evidentiary doctrines applicable to the specific parties in this proceeding.

nondischargeable under various subsections of § 523(a) of the Bankruptcy Code, the

Plaintiff seeks summary judgment only upon the cause of action brought pursuant to 11

U.S.C. § 523(a)(19) which excepts from discharge any debt arising from any judgment,

decree or settlement based upon a debtor's violation of securities law.  Upon due

consideration of the pleadings, the proper summary judgment evidence submitted by the

parties, and the relevant legal authorities, the Court concludes that the Plaintiff has

demonstrated that there is no genuine issue as to any material fact and that she is entitled

to judgment as a matter of law that the debt owed to her by the Defendant arising from the

post-answer default judgment issued by the 151st Judicial District Court in and for Harris

County, Texas, is nondischargeable under § 523(a)(19).  This memorandum of decision

disposes of all issues before the Court.[2]

## Factual and Procedural Background[3]

In December 2014, the Plaintiff, Lillian Kostak Kokas, initiated litigation against

the Defendant, William A. Osborne d/b/a Assurance Management Group ("AMG")

before the 151st Judicial District Court in and for Harris County, Texas, under cause no.

2014-73887 (the "State Court Litigation").  The state court petition alleged that the

---

[2]  This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I) and (J) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[3]  The facts presented are those which stand uncontested between the parties and are presented only as a general factual background to the legal claims asserted in the case.  This section is not intended to resolve any disputed or contested facts.

Plaintiff and her husband, Robert V. Kokas, had been falsely and improperly solicited to purchase securities issued by the Defendant for a total price approaching $800,000.00. The petition, as subsequently amended, sought rescissionary damages, plus interest, exemplary damages, and attorneys' fees based upon various theories of liability including alleged violations of the registration requirements and the anti-fraud provisions of the Texas Securities Act, negligent misrepresentation, fraud by nondisclosure, common law fraud, violations of the Texas Deceptive Trade Practices Act, and conspiracy.[4]  The Defendant appeared in the State Court Litigation by answering the state court petition.

During the pendency of the State Court Litigation, on May 18, 2016, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court under Case No. 16-40903.  On June 17, 2017, the Plaintiff timely filed her Complaint commencing this adversary proceeding and seeking either to deny the entry of any discharge order in favor of the Debtor-Defendant or, alternatively, seeking to except her claim from the scope of any discharge otherwise granted to the Defendant.  On that same date, the Plaintiff sought a modification of the automatic stay in the Defendant's bankruptcy case to allow the completion of the State Court Litigation.  On July 19, 2016, this Court, the Hon. Brenda T. Rhoades, presiding, modified the stay over the objection of the Defendant to permit the State Court Litigation to proceed to judgment.

With proper notice to the Defendant, the Plaintiff procured a new trial setting in

---

[4]  Plaintiff's Ex. A.

the State Court Litigation for October 2016.  On October 14, 2016, the State Court

Litigation was called for trial; however, despite proper notice, the Defendant failed to

appear for trial.  The Plaintiff appeared with counsel and moved for a post-answer default

judgment.  On that date, the state court conducted an evidentiary hearing, admitted both

documentary and testimonial evidence, and entertained argument from the counsel for the

Plaintiff.

On December 5, 2016, the Court granted the Plaintiff's motion for a post-answer

default judgment against the Defendant, including judgment "on Plaintiff's claims for

Violation of § 33(A)(1) of the Texas Securities Act,[5] Violation of § 33(A)(2) of the Texas

Securities Act, and Violation of § 33(F)(2) of the Texas Securities Act."  Based upon "the

evidence Plaintiff presented on liability, damages, and attorney (sic) fees,"[6] the state

district court entered a Final Judgment on December 5, 2016 in favor of the Plaintiff and

against the Defendant in the amount of $1,930,172.39, consisting of the following

elements:

|  |  |
|---|---|
| (1) damages: | $  634,862.89 |
| (2) exemplary damages: | $1,269.725.70 |

---

[5]  Section 33(A) of the Texas Securities Act imposes primary civil liability upon any seller of a security who fails to meet the seller registration requirements under section 12 of that Act, *See* TEX. REV. CIV. STAT. ANN. art. 581-12(a) and 581-33(A)(1) (Vernon 2010), or upon any party  "who offers or sells a security ... by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him. . . ."  *Id.* at art. 581–33 (A) (2).  *See generally*, *Matlock v. Hill*, 2016 WL 3659988, at *5 (Tex. App.—Amarillo June 30, 2016, no pet.).  The TSA also imposes secondary or derivative civil liability upon any control person or anyone who materially aids in a securities violation.  *Id.* at art. 581–33(F)(1)-(2).

[6]  Plaintiff's Ex. B.

|  |  |
|---|---|
| (3) attorneys' fees: | $   25,583.80 |
| Total: | $1,930.172.39[7] |

No appeal of the Final Judgment was taken by the Defendant.  The Plaintiff subsequently filed this Motion for Summary Judgment in this adversary proceeding, asserting that the entry of the Final Judgment in the State Court Litigation renders the judgment debt owed by the Defendant nondischargeable under § 523(a)(19).[8]

## Discussion

*Summary Judgment Standard*

The Plaintiff brings her Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056.  That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), (quoting FED. R. CIV. P. 56(c)). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the "pleadings,

---

[7]  *Id*.  The Final Judgment also granted contingent attorneys' fee awards against the Defendant in the event that the Defendant unsuccessfully appealed the judgment through the state appellate process.

[8]  As stated earlier, the Plaintiff's complaint also contains asserted causes of action under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6) which are not addressed by her Motion for Summary Judgment. Because of the summary judgment granted herein, the Court will issue a deadline for the Plaintiff to elect whether to pursue prosecution of those remaining claims.

depositions, answers to interrogatories, and affidavits, if any," which it believes

demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

The moving party asserting that a fact cannot be genuinely disputed must support that

assertion by:

> (A) citing to particular parts of the materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the motion
> only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials do not establish the . . . presence of a genuine
> dispute, or that an adverse party cannot produce admissible evidence to
> support the fact.

FED. R. CIV. P. 56(c).

The operation of the summary judgment standard depends upon which party will

bear the burden of persuasion at trial.  If, as in this case, the burden of persuasion is on the

moving party, "that party must support its motion with credible evidence–using any of the

materials specified in Rule 56(c)–that would entitle it to a directed verdict if not

controverted at trial."  *Celotex*, 477 U.S. at 331.  Upon a *prima facie* showing of

entitlement to judgment as a matter of law, the non-movant may not rest upon the mere

allegations or denials in its pleadings, but rather must demonstrate in specific responsive

pleadings the existence of specific facts constituting a genuine issue of material fact for

which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986)

(citing FED. R. CIV. P. 56(e)).  If the nonmoving party cannot muster sufficient evidence

to demonstrate a genuine issue of material fact, a trial would be useless.  The substantive

law will identify which facts are material.  *Id.*

In this case, the Plaintiff bears the burden to present a *prima facie* case for non-dischargeability.  Thus, the Plaintiff is entitled to a summary judgment only if there exists no genuine issue of material fact as to each essential element under § 523(a)(19).  Since § 523(a)(19) represents a rather unusual basis for the determination of nondischarge-ability, a brief review of its purpose and provisions is appropriate.

*Section 523(a)(19): Debt Arising from Securities Violation or Related Fraud*
*and Expansion of General Issue Preclusion Principles.*

Section § 523(a)(19) of the Bankruptcy Code provides that:

a discharge under § 727 of this title does not discharge an individual debtor from any debt that:

(A) is for —

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1947),[9] any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from —

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

---

[9]  That section defines "securities laws" to mean the Securities Act of 1933, the Securities Exchange Act of 1934, the Public Utility Holding Company Act of 1935, the Trust Indenture Act of 1939, the Investment Company Act of 1940, the Investment Advisers Act of 1940, and the Securities Investor Protection Act of 1970.

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

This nondischargeability section was added to the Bankruptcy Code by Title VII of the Sarbanes-Oxley Act of 2002 in wake of the Enron "debacle" in order "to make judgments and settlements based upon securities law violations nondischargeable, protecting victims' ability to recover their losses." *In re Chan*, 355 B.R. 494, 503 (Bankr. E.D. Pa. 2006). The subsection was also intended to preclude the necessity of securities regulators and investors to spend precious enforcement resources to "reprove" securities law violations in the bankruptcy court in order to protect securities-related judgments and settlements from discharge. *See* S. REP. NO. 107-146, at 16 (2002) [recognizing that the "loophole" which allowed a discharge in bankruptcy "should be closed to help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgement or settlement against the wrongdoer"].

Section 523(a)(19) was subsequently modified upon the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") by expanding the time frame under which the judgment, settlement, order or decree documenting a securities violation or related fraud could be entered. *Tripodi v. Capital Concepts, LLC*, 2014 WL 2967941 at *8 (D. Utah, July 1, 2014). Debts are now rendered

nondischargeable under § 523(a)(19) not only from statutory securities violations, but

also those arising from common law fraud occurring in securities transactions. *Frost v.*

*Civiello (In re Civiello)*, 348 B.R. 459, 464 (Bankr. N.D. Ohio 2006). Thus, to have a

debt excepted from discharge pursuant to § 523(a)(19), an objecting creditor must prove

that:

> (1) the debt is for violation of federal or state securities laws
>     or for common law fraud in connection with the sale of
>     a security; <u>and</u>
>
> (2) the debt must be memorialized in a judicial or
>     administrative order, or in a settlement agreement.

*McGraw v. Collier (In re Collier)*, 497 B.R. 877, 902 (Bankr. E.D. Ark. 2013); *Faris v.*

*Jafari (In re Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).

This Court has previously stated that the "proper interpretation of § 523(a)(19),

even as amended, requires that a tribunal *other than the bankruptcy court* determine the

liability aspect — e.g., whether a federal or state securities violation or some type of

related fraud has occurred." *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 192

(Bankr. E.D. Tex. 2015) (emphasis added) (citing *Collier,* 497 B.R. at 902-03; *Terek v.*

*Bundy (In re Bundy)*, 468 B.R. 916 (Bankr. E.D. Wash. 2012)); *see also, In re Robben*,

562 B.R. 469, 477-78 (Bankr. D. Kan. 2017). However, once a determination of a

securities violation or related fraud has been made by a non-bankruptcy tribunal, and

proof of the entry of that order or the existence of a settlement of such charges is tendered

to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without

proof of any additional element in a manner outside the traditional analysis of issue

preclusion principles. *Id*. As one court succinctly concluded in this context:

> Thus, a determination of dischargeability under § 523(a)(19) is made
> when the state court makes a finding of a violation of the state securities
> laws and a judgment is entered.
>
> Section 523(a)(19) parallels other nondischargeability provisions that
> require a determination outside the bankruptcy court as a condition
> precedent for finding the debt dischargeable. Subsections 523(a)(11) and
> (13) are similar to (a)(19) because in each of these subsections, the
> bankruptcy court does not litigate the underlying claim, but only whether
> such claim has already been established. Therefore, the bankruptcy court's
> *only function* is to determine whether the underlying order, judgment,
> settlement agreement, etc. has satisfied the requirements set forth in the
> applicable § 523 provision. . . .
>
> These limitations on the bankruptcy court's jurisdiction necessarily
> indicate that Congress intended the underlying non-bankruptcy decisions or
> settlements to have *preclusive effect* in nondischargeability actions before
> the bankruptcy court.

*Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 575-76 (Bankr. D.S.C. 2011) (citations

omitted and emphasis added) [giving preclusive effect under § 523(a)(19) to a default

judgment after the state court struck the defendants' answer due to discovery abuse].

Thus, § 523(a)(19) incorporates a process under which a debt arising from a

securities law violation may be rendered nondischargeable by awarding a preclusive

effect to memorialized judicial decisions, or even settlements, which establish such a

liability and which can be documented to a bankruptcy court. Such an expedited process

effectively supersedes any necessity to resort to the common law principles of issue preclusion normally arising in dischargeability litigation.[10] *Frankfurt v. Friedman (In re Friedman)*, 531 B.R. 741, 746-47 (Bankr. N.D. Ill. 2015).

The Defendant objects to the motion for summary judgment based upon a mistaken assumption that the Plaintiff's motion is based upon a "normal" application of issue preclusion principles.[11]  It is not.  While those principles can possibly be triggered by the entry of a Texas post-answer default judgment,[12] resorting to those principles is not required when a determination of nondischargeability under § 523(a)(19) is sought.  Thus, any lack of particularized findings in this context is of no consequence.[13]  The summary

---

[10]  This procedure mirrors the similarly-constructed determination process for nondischarge-ability under § 523(a)(11) and (a)(13).  *See, e.g., Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) [observing, in finding a default judgment had a preclusive effect under § 523(a)(11), "because collateral estoppel is a common law creature, it can, of course, be pre-empted by Congressional action."].

[11]  Because the judgment against the Defendant was entered in a Texas state court, the Texas law of issue preclusion would apply.  *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996).  Such jurisprudence establishes that a party is collaterally estopped from raising an issue under Texas law when: (1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case.  *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 817 (Tex. App.– Dallas 2012, no pet.).

[12]  "[A] post-answer default constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.  Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim.  *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183-84 (Tex. 2012) (*citing Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)).  Thus, because a plaintiff in a post-answer default context is put to its evidentiary burden to prove its case, the Fifth Circuit has "held under Texas law that where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel principles."  *Pancake,* 106 F.3d at 1244.

[13]  Given that the Plaintiff has demonstrated the two prerequisites to nondischargeability under § 523(a)(19), the dispute regarding the deficiencies of the Defendant's affidavit offered in support of his

evidence clearly demonstrates that the debt of approximately $1.93 million awarded to the

Plaintiff in the State Court Litigation arose not only from various violations of the Texas

Securities Act found to have been committed by the Defendant, but also by the fraudulent

nature of the Defendant's conduct toward the Plaintiff under the circumstances.[14]  The

resulting debt is also clearly memorialized by the state court judgment.  That is all which

must be demonstrated.  Because the indebtedness owed to the Plaintiff by the Defendant

is based upon the violation of state securities laws and common law fraud in connection

with the purchase of a security, and because the indebtedness has been previously

memorialized through the entry of a judgment in a state judicial proceeding, the Final

Judgment issued in the State Court Litigation is rendered nondischargeable pursuant to 11

U.S.C. § 523(a)(19).  *Minardi*, 536 B.R. at 192.

The United States Supreme Court has concluded that a debt that is declared

nondischargeable under § 523(a) should include the full amount associated with the

conduct at issue, including any "debt arising from" or "debt on account of" that conduct.

*Cohen v. de la Cruz,* 523 U.S. 213, 220-21 (1998).  Though the facts in *Cohen*

specifically addressed a liability rendered nondischargeable under the actual fraud prong

---

response in opposition is rendered moot.

[14]  In the absence of factual findings of fraud by the state court based upon the adduced evidence, it could not have authorized, as it clearly did, the recovery of exemplary damages by the Plaintiff for the fraudulent representations by the Defendant.  *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ["To support an award of exemplary damages, the plaintiff must prove a distinct tortious injury with actual damages."].  Indeed, it is irrefutable that the state court not only found that the Plaintiff had proven her fraud claims against the Defendant, but that she had proven the validity of those fraud claims by clear and convincing evidence – as that is the requisite evidentiary standard for recovery of exemplary damages resulting from fraud.  *Citizens Nat'l Bank v. Allen Rae Invs*., 142 S.W.3d 459, 484 (Tex. App. – Fort Worth 2004, no pet.); 2A Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(1) (Vernon Supp. 2012).

of § 523(a)(2)(A), its rationale to prevent a discharge of all liability arising from

circumstances that render a debt nondischargeable under § 523(a) is applicable in this

case. Thus, the exemplary damages award is rendered nondischargeable because such

fraud constitutes a proper basis under Texas law for the recovery of exemplary damages,

2B TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(1) (Vernon 2015); *Goldstein v.*

*Mortenson*, 113 S.W.3d 769, 782 (Tex. App.—Austin 2003, no pet.), *Tex. Capital Sec.,*

*Inc. v. Sandefer*, 58 S.W.3d 760, 774 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)

and § 523(a)(19) specifically renders nondischargeable a "debt . . . that is for . . .common

law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

11 U.S.C. § 523(a)(19)(A)(ii). It also encompasses the attorneys' fees awarded to the

Plaintiff under the statutory authority provided by TEX. REV. CIV. STAT. ANN. art. 581-

33D(7) (Vernon 2010); *Keeton v. Flanagan (In re Flanagan*), 2014 WL 764371, at *10

(B.A.P. 9th Cir. Feb. 26, 2014), *aff'd*, 642 F. App'x. 784 (9th Cir. 2016). Thus, in light of

the jurisprudence that § 523(a) should be properly construed to bar the discharge of all

liability arising from the categories of misconduct that render a debt nondischargeable,

thereby insuring "that the creditors' interest in recovering full payment of debts in these

categories outweigh[s] the debtors' interest in a complete fresh start," *Cohen*, 523 U.S. at

222, the Court concludes that the damages awarded to the Plaintiff in the State Court

Judgment for exemplary damages and attorneys' fees based upon the Defendant's

misconduct must also be rendered nondischargeable under § 523(a)(19).

**Conclusion**

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted by the Plaintiff, the relevant legal authorities and for the reasons set forth herein, the Court concludes that there is no genuine issue as to any material fact germane to a determination of dischargeability and that the Plaintiff, Lillian Kostak Kokas, is entitled to summary judgment that the debt owed to her by the Debtor-Defendant, William A. Osborne, arising from the State Court Judgment is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(19).  An appropriate order will be entered which is consistent with this opinion.

Signed on 04/03/2017

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

-14-